IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN HENN, JR., )
 )
    Plaintiff, )
 )
vs. ) Case No. 18−cv–0588−JPG
 )
MADISON COUNTY JAIL, )
MIKE HARE, )
JOHN D. LAKIN, and )
CHRISTOPHER EALES )
 )
    Defendants.

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

    Plaintiff Steven Henn, Jr., an inmate Madison County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages for pain and suffering and for Defendant Mike Hare to lose his job. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

    An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Complaint

Plaintiff is a pre-trial detainee at the Madison County Jail. (Doc. 1, p. 8). On March 9, 2018, Mike Hare hit Plaintiff multiple times on the side of his face and then stomped and stood on Plaintiff's face while Plaintiff was in handcuffs. (Doc. 1, p. 5). Plaintiff received medical attention and x-rays. *Id.* Plaintiff was placed on suicide watch in a small cell with 7 other individuals. *Id*. The cell lacked hot water and Plaintiff was forced to sleep on the floor. *Id*. Plaintiff alleges that Lakin and Eales "let[] it be that way." *Id*. Plaintiff also alleges that Eales and Lakin have failed to train the deputies at the Madison County Jail. *Id*.

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 3 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claim survives threshold review:

2

**Count 1** – Hare used excessive force on Plaintiff on March 9, 2018 in violation of the Fourteenth Amendment;

Plaintiff has also attempted to bring other Counts, but for the reasons listed below, these claims do not survive threshold review:

**Count 2** – Eales and Lakin had an unconstitutional policy of failing to adequately train staff in the use of force in violation of the Fourteenth Amendment and allowed staff to violate the Fourteenth Amendment;

**Count 3** – Plaintiff was placed in a cell without hot water and forced to sleep on the floor for 5 nights in violation of the Fourteenth Amendment.

As an initial matter, Plaintiff has included Madison County Jail as a defendant in his case caption, suggesting that Plaintiff intended to sue Madison County Jail as a defendant in this action, although he makes no allegation against the Madison County Jail in his statement of claim. Under Federal Rule of Civil Procedure 17(b), a defendant named in a lawsuit must have the legal capacity to be sued. Federal courts look to state law to determine if the entity has the legal capacity to be sued under Rule 17(b). In Illinois, the defendant must have a legal existence. *Jackson v. Village of Rosemont,* 536 N.E.2d 720, 723 (Ill.App. 1 Dist. 1988).

Illinois Courts have not recognized a sheriff's office or a police department as a legal entity. *Magnuson v. Cassarella,* 812 F.Supp. 824, 827 (N.D. Ill. 1992); *see West v. Waymire,* 114 F.3d 646, 646-47 (7th Cir. 1997). The Illinois Constitution provides that each county shall elect a sheriff who is responsible for law enforcement. Ill. Const.1970, art. VII, § 4(c). The sheriff is responsible for jail operations, medical treatment of inmates, and actions of his officers. 730 ILCS § 125/2; ILCS 125/17. As an elected officer, a sheriff is not an employee. County police and county jails are merely a branch of the sheriff as a county officer, and are not legal entities capable of being sued. *Magnuson,* 812 F.Supp. at 827. Article VII of the Illinois Constitution does not establish any county police or county jail as a separate and individual legal

entity. ILL. CONST. art. VII, § 1. Therefore the Madison County Jail will be dismissed with prejudice as a defendant.

Plaintiff has alleged that he is a pre-trial detainee at Madison County Jail. "[D]ifferent constitutional provisions, and thus different standards, govern depending on the relationship between the state and the person in the state's custody." *Currie v. Chhabra*, 728 F.3d 626, 630 (7th Cir. 2013) (citing *Graham v. Connor*, 490 U.S. 386, 394–95, 395 n.10 (1989); *Belbachir v. Cty. of McHenry*, 726 F.3d 975, 979 (7th Cir. 2013)). The Due Process Clause of the Fourteenth Amendment governs after the probable-cause determination has been made, *see Lopez v. City of Chi.*, 464 F.3d 711, 719 (7th Cir. 2006) (citations omitted); and the Eighth Amendment applies after a conviction. *Id.* Plaintiff's claims of excessive force in this case arise under the Fourteenth Amendment. *Kingsley v. Hendrickson*, 135 S.Ct. 2466 (U.S. 2015); *Williams v. Stauche*, 709 F. App'x 830, 832 (7th Cir. 2017).

To prevail on a claim of excessive force, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 135 S.Ct. at 2472–73; *Williams*, 709 F. App'x at 834-35. "[O]bjective reasonableness turns on the facts and circumstances of each particular case," including "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id*. at 2473 (quotation marks and citation omitted). The absence of significant injury will not defeat a claim of excessive force. *Hudson v. McMillian*, 503 U.S. 1, 4 (1992); *Guitron v. Paul*, 675 F.3d 1044, 1046 (7th Cir. 2012).

Here Plaintiff has adequately stated an excessive force claim. Plaintiff has alleged that he was hit and kicked about the face and head after he was handcuffed. At the pleading stages, this is a plausible allegation that the use of force was objectively unreasonable. Therefore **Count 1** shall be permitted to proceed.

As to **Count 2**, Plaintiff mentions both that Lakin and Eales "allowed" things to be "that way" and that they failed to adequately train Hare. Neither of these theories establishes liability as to Lakin and Eales. If Plaintiff is trying to sue Lakin and Eales because they had a position of authority over Hare (presumably, that's what Plaintiff means when he alleges that they allowed certain things to happen), that position is squarely foreclosed by the relevant case law. The theory that an individual will be responsible for the conduct of another because they are in charge of that person is called respondeat superior. But no one can bring a respondeat superior claim in a § 1983 action. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). To the extent that Plaintiff's claim against Lakin and Eales is premised on their supervisory authority, it fails.

Plaintiff's second theory, that Lakin and Eales did not adequately train Hare, fails to state a claim. Failure to train may serve as a basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of a detainee. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). In *Board of the County Commissioner of Bryan County, Okl. v. Brown,* 520 U.S. 397, 407 (1997), the Supreme Court reaffirmed its decision in *Canton* as holding that an inadequate training claim required that the deficient training program apply over time to multiple employees. *Id.* (Citing *Canton, supra,* at 390, 109 S.Ct. 1197). That is, deliberate indifference requires a plaintiff to show that the defendants knew of a risk to inmate health or safety and disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 827 (1994). If a plaintiff can only point to 1 instance of the problematic conduct, there is no evidence that the

5

policy-makers knew or had reason to know that their training created a risk to inmates. In the instant case, plaintiff has alleged a lack of training, but he has not alleged multiple incidents of excessive force. Without an allegation of multiple incidents, there is not a plausible allegation that Lakin and Eales had reason to know of the deficient training, and thus they could not be deliberately indifferent to the risk that their training was inadequate to protect detainee health and safety. For these reasons, **Count 2** will be dismissed without prejudice for failure to state a claim.

**Count 3** must also be dismissed without prejudice. Plaintiff appears to be alleging a conditions of confinement claim, but it is not clear who the defendant is supposed to be here. Plaintiff refers to "the other two Plaintiffs," but the term "plaintiff" refers to the person making the claim. The Plaintiff in this action is Steven Henn; there are no other plaintiffs. Even presuming that Plaintiff is referring to Lakin and Eales (who are defendants), he does not allege that either one of them actually placed him in the problematic cell or knew of the conditions of that cell. To the extent that Plaintiff's claim in this count is premised on respondeat superior liability, it must be dismissed without prejudice as discussed above. Should Plaintiff wish to proceed with this claim, he should file an amended complaint identifying a proper defendant, ideally by name, as to these allegations. For now, **Count 3** is dismissed without prejudice for failure to state a claim.

### Pending Motions

Plaintiff has filed 2 motions in this action: a motion seeking to compel, (Doc. 5), which appears to be a discovery request, and a motion for writ, (Doc. 6), asking to appear before the Court for discovery. Both motions are premature at this time. This case is not in the discovery phase. Prior to seeking discovery, Plaintiff should wait for the Court to serve the defendant with

notice of this lawsuit and for the defendant to answer the Complaint. Once that happens, the Court will enter a scheduling order, listing the discovery deadlines. Plaintiff may then send his discovery requests directly to the defendant. Plaintiff's motions are therefore **DENIED without prejudice**; should Plaintiff have trouble after discovery has officially begun, he may move the Court for relief. (Doc. 5) (Doc. 6).

## Disposition

**IT IS HEREBY ORDERED** that **Count 1** against Hare survives threshold review. **Counts 2 and 3** shall be **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted. Defendants Lakin and Eales are **DISMISSED without prejudice**. Defendant Madison County Jail is **DISMISSED with prejudice**. Plaintiff's Motions to Compel and for a Court Writ are **DENIED without prejudice**. (Doc. 5) (Doc. 6).

The Clerk of Court shall prepare for Defendant Hare: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the

Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 2, 2018**

s/J. Phil Gilbert
**U.S. District Judge**