UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEVEN HENN, JR.,

    Plaintiff,

v.

MADISON COUNTY JAIL, MIKE HARE,
JOHN D. LAKIN, and CHRISTOPHER
EALES,

    Defendants.

Case No. 18-cv-588-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 26) of Magistrate Judge Reona J. Daly recommending that the Court grant the motion to dismiss filed by defendant Mike Hare (Doc. 25) and dismiss this case for lack of prosecution. Plaintiff Steven Henn, Jr. has objected to the Report (Doc. 29) and asks the Court to appoint him counsel (Doc. 30).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

In the Report, Magistrate Judge Daly recounts Henn's repeated failure to respond to discovery requests and her warning to him that his failure could lead to dismissal of this case. She also notes his failure to respond to Hare's motion to dismiss for lack of prosecution. In his objection, Henn complains that Hare has not provided anything Henn has requested, that Henn is

only allowed to visit the law library a couple of hours a week, and that he cannot obtain any documents favorable to his case because he is in prison. He does not offer any explanation for why he failed to respond to Hare's request for production of documents or Hare's motion to dismiss. Neither would have required substantial library time, if any at all. And if Henn had relevant documents, he could have produced them; if not, he could have so responded. Likewise, Henn did not need the library to let the Court know he was not abandoning this case or needed extra time to respond. He did neither.

In such circumstances, the Court is inclined to dismiss Henn's case against Hare, albeit without prejudice rather than with. If Henn is truly desirous of pursuing this lawsuit with the vigor required of federal litigants, he may file another lawsuit about the incident and diligently prosecute that suit. His complaints are based on a discreet instance of alleged excessive force that occurred on March 9, 2018, so he has until March 9, 2020, before the statute of limitations on his claim expires. In light of this ruling, Henn's motion for appointment of counsel is moot (Doc. 30).

In sum, the Court has reviewed the matter *de novo* and finds that the Report is correct for the reasons stated therein. It further exercises its discretion to dismiss this case without prejudice. Accordingly, the Court hereby:

- **ADOPTS** the Report in its entirety (Doc. 26);
- **OVERRULES** Henn's objection (Doc. 29);
- **GRANTS** Hare's motion to dismiss (Doc. 25);
- **DISMISSES** this case **without prejudice** pursuant to Rule 41(b) for lack of prosecution;
- **DENIES as moot** Henn's motion for appointment of counsel (Doc. 30); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   December 19, 2019**

            s/ J. Phil Gilbert
            **J. PHIL GILBERT**
            **DISTRICT JUDGE**